B. W. HEARD, plaintiff in error, *vs.* MOSES R. JONES, defendant in error.

Where a judgment creditor of a bankrupt proves his debt in the bankrupt court for the purpose of obtaining his *pro rata* share of the assets there to be distributed, he waives any lien which he may have had the right to enforce by virtue of such judgment had he not entered the bankrupt court.

Bankrupt.    Judgments.    Lien.    Before Judge GIBSON. McDuffie Superior Court.    September Term, 1875.

Reported in the decision.

HOOK & WEBB, for plaintiff in error.

PAUL C. HUDSON, for defendant.

WARNER, Chief Justice.

This is a claim case arising from the following facts:

Heard is assignee of a *fi. fa.* in which Nolan is plaintiff, and Jones is claimant, having purchased land levied on from R. G. Griffin, defendant in *fi. fa.*  On the 7th day of September, 1868, Nolan obtained judgment in Columbia superior court against said Griffin as principal, and F. S. Griffin and William Woodall securities, for $1,187 37, and this judgment was duly assigned to Heard, January 10th, 1873.   In the latter part of 1873 said R. G. Griffin was adjudicated a bankrupt, and the land levied on was duly declared part of his homestead exemption.   February 17th, 1874, said Heard proved his judg-

ment debt in bankruptcy, and in said proof neither reserved or released his lien.    Having been informed that it was improvident for him to have proven said debt, Heard subsequently, on the 5th of January, 1875, sought to withdraw his execution which he supposed he had annexed to his proof, but leave was refused.    He subsequently found that he had not attached the original, but it had been lost.    He therefore established an *alias fi. fa.* which was levied on the land claimed.    The claimant, Jones, purchased said land from said R. G. Griffin, by deed dated April 1st, 1874.    On the trial, plaintiff in *fi. fa.*, (or Heard, as assignee,) put in evidence the *fi. fa.* and levy, proved assignment of same to him and title in defendant at the time of judgment and until April 1st, 1874, date of deed to claimant, and closed.    Claimant then offered in evidence exemplification of record of probate of claim by Heard, of exemption of land levied on to R. G. Griffin by assignee in bankruptcy, of Heard's attempt to withdraw proof of claim and its failure; deed from register to assignee in bankruptcy, and of discharge of said Griffin.

It was admitted by counsel that Heard had received no dividend from R. G. Griffin, but the evidence in the record shows that he received from the assets of Woodall, one of the defendants in the judment, the sum of $494 10, which was awarded to said plaintiff's claim and paid over to him.

The court instructed the jury to return a verdict for claimant, which was done, and counsel for Heard excepted.

The only question made and insisted on here was whether Heard, by proving his judgment debt in the bankrupt court, thereby lost his judgment lien on the bankrupt's land which had been set apart to him as an exemption by the bankrupt court in the administration of the assets of the bankrupt's estate.    The plaintiff's judgment was a debt due by the bankrupt.    It was also a debt of record, which, by the statute law of this state, created a lien on the bankrupt's property. When Griffin was adjudicated a bankrupt it was optional with Heard, his judgment creditor, whether he would go into the bankrupt court and prove his debt in that court and

share in the distribution of the assets of the bankrupt's es-
tate, or keep out of that court and rely on his judgment lien
for the payment of his debt: *Jones vs. Lellyett & Smith*, 39
*Georgia Reports*, 64. It appears from the evidence in the
record that the plaintiff, Heard, went into the bankrupt court
and proved the amount of his debt as being due on a judg-
ment, and afterwards, when it was ascertained that in the ad-
ministration of the bankrupt's assets, after allowing him the
exemptions to which he was entitled under the law, there
would be nothing for him to get in payment of his debt so
proved by him in the bankrupt court, out of the assets of the
defendant, Griffin, although he did receive the sum of
$494 10 out of the assets of Woodall, the other defendant
in the judgment, which was paid to his claim so proved by
him in the bankrupt court, the said Woodall having been
also adjudicated a bankrupt, though the debt does not appear
to have been proved otherwise than as against Griffin, he pe-
titioned the register to allow him to withdraw his claim from
that court in which he had proved it. The register refused
to allow him to withdraw it, and at the request of the plain-
tiff the register certified the facts to the district judge for his
judgment thereon. The register, in his report of facts to the
district judge, states that the plaintiff had proved his debt in
the bankrupt court. The district judge approved the decision
of the register in refusing to allow the plaintiff to withdraw
his proven claim from that court. The record from the
bankrupt court establishes the fact that the plaintiff did
prove his debt against the bankrupt in that court, and that it
was not withdrawn therefrom prior to the bankrupt's final
discharge. It was, however, insisted on the argument here,
that as the plaintiff had proved his debt as a debt due on a
judgment, that it would not have been entitled to share in
the distribution of the assets of the bankrupt's estate, because
he did not release his lien created by the judgment to the
assignee. A debt due on a judgment is not any the less a
debt due by the bankrupt to the plaintiff because it is re-
duced to a judgment, and if the plaintiff chooses to prove that

judgment debt in the bankrupt court for the purpose of obtaining his *pro rata* share of the bankrupt's estate, he will be at liberty to do so; but when he does that, he will be considered as having waived his lien created by that judgment on the other property of the bankrupt, for it would be unjust to the other creditors of the bankrupt for him to receive his *pro rata* share of the bankrupt's assets to be applied to that judgment debt, and then to be allowed to enforce his judgment lien against the property of the bankrupt in satisfaction thereof. The plaintiff had received all the money he could find in the bankrupt court due on his judgment debt by either Griffin or Woodall, including the $494 10 arising from the sale of Woodall's property, and that was doubtless the reason why the bankrupt court refused to allow him to withdraw his claim. In view of the evidence disclosed in the record, we affirm the judgment of the court below.

Judgment affirmed.